UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 07-4435(DSD/JSM)

Don Hodge,

             Plaintiff,

v.                                                    **ORDER**

Michael J. Astrue,
Commissioner of Social Security,

             Defendant.


This matter is before the court upon defendant's objection to the August 14, 2008, report and recommendation of United States Magistrate Judge Janie S. Mayeron.  After a de novo review, and for the following reasons, the court sustains defendant's objection. See 28 U.S.C. § 636(b)(1)(C).


**BACKGROUND**

Plaintiff Don E. Hodge, Jr. seeks judicial review of defendant Commissioner of Social Security's ("Commissioner") denial of his application for Social Security disability benefits.  On March 3, 2004, Hodge applied for disability benefits dating back to July 1, 2002.  This application was denied initially and upon reconsideration.  An administrative law judge ("ALJ") then held a hearing on August 8, 2006, at which Hodge, his wife and a neutral vocational expert testified.  (AR at 21.)  On December 1, 2006, the

ALJ determined that Hodge was not disabled for purposes of the Social Security Act.  (<u>Id.</u> at 27.)  On December 20, 2006, Hodge requested review of the ALJ's decision by the Appeals Council. (<u>Id.</u> at 16-17.)

On January 3, 2007,[1] Hodge reapplied for disability benefits. (<u>Id.</u> at 7.)  The Commissioner granted Hodge's application on June 4, 2007, and determined that he qualified for benefits as of January 1, 2007.  (<u>Id.</u> at 470.)  In that decision, the Commissioner expressly rejected Hodge's claim that he had been disabled since July 1, 2002.  (<u>Id.</u>)

On July 9, 2007, Hodge submitted the Commissioner's favorable decision to the Appeals Council, and on August 30, 2007, the Appeals Council denied Hodge's request for review of the ALJ's decision.  (<u>Id.</u> at 6, 457.)  In its denial, the Appeals Council noted that the Commissioner's June 4, 2007, grant of benefits was irrelevant because "the new evidence submitted in connection with [that] claim [did] not change the evaluation of the evidence through the date of the [ALJ's] decision."  (<u>Id.</u> at 7.)  The ALJ's December 1, 2006, decision thus became the final decision of the Commissioner with respect to Hodge's March 3, 2004, application.

On October 30, 2007, Hodge brought this action challenging the Commissioner's decision denying him benefits.  The parties cross-

---

[1] The administrative record reflects that Hodge reapplied on January 3, 2005.  (AR at 7.)  The court treats this as a typographical error.

moved for summary judgment, and on August 14, 2008, the magistrate judge recommended granting Hodge's motion, denying the Commissioner's motion and remanding the matter to the Commissioner for further administrative proceedings pursuant to 42 U.S.C. § 405(g).   The Commissioner objects to the magistrate judge's remand recommendation.

## DISCUSSION

Section 405(g), which governs judicial review of final decisions of the Commissioner, authorizes remand to the Commissioner pursuant to either its fourth or sixth sentence. Buckner v. Apfel, 213 F.3d 1006, 1010 (8th Cir. 2000) (citing Melkonyan v. Sullivan, 501 U.S. 89, 98-99 (1991)).   Sentence four authorizes a court to "make[] a substantive ruling regarding the correctness of a decision of the Commissioner and remand[] the case in accordance with such a ruling." Id. at 1010 (citation omitted). Sentence six permits a court to order remand where the Commissioner, with good cause, moves to remand the case before filing an answer; or, where new and material evidence is presented that for good cause was not earlier incorporated into the administrative record.   See id. (citing § 405(g)).   The latter circumstance "concerns only new and material evidence and 'does not

rule in any way as to the correctness of the administrative proceeding.'" Id. (quoting Melkonyan, 501 U.S. at 98, and citing Sullivan v. Finkelstein, 496 U.S. 617, 626 (1990)).

In this case, the magistrate judge recommends remand pursuant to sentence six because the Commissioner's June 4, 2007, grant of benefits "may constitute new and material evidence from which the Commissioner could conclude that the disability onset date might reasonably be sometime prior to December 1, 2006." (R&R at 45-46.) Hodge, however, submitted the June 4, 2007, decision to the Appeals Council, which considered and rejected its relevancy. See Lamp v. Astrue, 531 F.3d 629, 632 (8th Cir. 2008) ("Under agency regulations, the Appeals Council must consider additional evidence that is new, material, and relates to the period on or before the date of the ALJ's decision."). Therefore, the decision is "part of the 'administrative record,' even though [it] was not originally included in the ALJ's record," Cunningham v. Apfel, 222 F.3d 496, 500 (8th Cir. 2000), and a sentence six remand for consideration of the decision is not warranted. See Riley v. Shalala, 18 F.3d 619, 622 (8th Cir. 1994) (remand inappropriate where Appeals Council explains decision to deny review after receiving additional evidence); cf. Hayes v. Astrue, 488 F. Supp. 2d 560 (W.D. Va. 2007) (grant of benefits after Appeals Council denied review on earlier application is new evidence justifying remand); Bradley v. Barnhart, 463 F. Supp. 2d 577 (S.D.W. Va. 2006) (same); Reichard v.

Barnhart, 285 F. Supp. 2d 728 (S.D.W. Va. 2003) (same).  Instead, the court's only inquiry is "whether there is substantial evidence in the administrative record, which now includes the new evidence, to support the ALJ's decision." Nelson v. Sullivan, 966 F.2d 363, 366 (8th Cir. 1992) (citation omitted).

Substantial evidence exists if "a reasonable mind would find [the evidence] adequate to support the ALJ's conclusion." Nicola v. Astrue, 480 F.3d 885, 886 (8th Cir. 2007) (citing Lacroix v. Barnhart, 465 F.3d 881, 885 (8th Cir. 2006)).  To make such a determination, a court considers the record as a whole, including evidence that supports and detracts from the Commissioner's decision.  Id.  A court may not "reverse the Commissioner's decision simply because there is evidence supporting a different result." Hall v. Chater, 109 F.3d 1255, 1258 (8th Cir. 1997). Rather, a court will disturb the ALJ's decision to deny benefits only if "the record contains insufficient evidence to support the outcome." Nicola, 480 F.3d at 885 (citing Culbertson v. Shalala, 30 F.3d 934, 939 (8th Cir. 1994)).

In this case, Hodge challenged the sufficiency of the evidence by arguing that the ALJ gave inadequate weight to his treating physician's opinion, gave too much weight to the state agency medical consultants' opinions and improperly addressed Hodge's subjective complaints of pain.  The magistrate judge considered and

rejected these arguments, and Hodge does not object.[2]   Thus, the
only remaining issue is whether the Commissioner's decision to
grant Hodge disability benefits as of January 1, 2007, establishes
that the October 1, 2006, denial was not supported by substantial
evidence.

The Commissioner's June 4, 2007, decision relied on reports
from the same clinics and hospitals that it used to deny his
earlier application,[3] in addition to a report from the Minneapolis
Cardiology Association and a consultative psychological exam.
Because the additional materials are not part of the record, the
court cannot determine whether they detract from the Commissioner's
initial denial of benefits.   However, the Commissioner, in
explaining its decision to grant Hodge's later application,
considered the new materials and rejected Hodge's claim that he had

---

[2] Hodge filed a response indicating that the court should
adopt the report and recommendation because it properly recommends
remand for further administrative proceedings.   Hodge's response
also provides that the court should adopt the report and
recommendation for the reasons stated in his memorandum in support
of his motion for summary judgment.   It is unclear whether such
reasons include all of the arguments Hodge made in support of his
motion, or only the argument that this matter should be remanded in
light of the Commissioner's later grant of benefits.   To the extent
Hodge maintains that his motion for summary judgment should be
granted for reasons rejected by the magistrate judge, the court,
after a de novo review, adopts the magistrate judge's
recommendations rejecting those arguments.

[3] The reports submitted in support of Hodge's second
application are not part of the record.   Therefore, the court
cannot determine if the later reports supplemented the earlier
reports.

been disabled since July 1, 2002. Therefore, the court determines that the materials submitted to support Hodge's later application do not affect the ALJ's decision to deny his first application, and that decision is supported by substantial evidence. Accordingly, the court sustains the Commissioner's objection and grants its motion for summary judgment.

## CONCLUSION

Based on the file, record and proceedings herein, **IT IS HEREBY ORDERED** that:

1.    Defendant's objection [Doc. No. 24] to the magistrate judge's report and recommendation [Doc. No. 20] is sustained.

2.    Plaintiff's motion for summary judgment [Doc. No. 10] is denied.

3.    Defendant's motion for summary judgment [Doc. No. 14] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated:  October 10, 2008

s/David S. Doty
David S. Doty, Judge
United States District Court